IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD C. FAGAN, M.D., P.C., *et al.*,       *

    Plaintiffs,                                    *

v.                                              *   Civil No. TJS-23-2095

U.S. DEPARTMENT OF HEALTH AND                   *
HUMAN SERVICES, *et al.*,
                                                *
    Defendants.
                                                *
        \*    \*    \*    \*    \*    \*

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion to Amend Caption (ECF No. 50). Having considered the parties' submissions (ECF Nos. 50, 52 & 53), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be **GRANTED IN PART** and **DENIED IN PART**.

Rule 15 governs amendments to pleadings. Under Rule 15(a), a party may amend their pleading as of right until 21 days after serving the pleading or 21 days after service of a responsive pleading or motion to dismiss. "In all other cases," a party seeking to amend a pleading may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). A proposed amendment is futile when it

"is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Rule 20 provides that multiple plaintiffs may join in one action so long as they seek relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and common questions of law or fact will arise in the action. Fed. R. Civ. P. 20(a)(1).

Plaintiffs seek to amend the caption of their Amended Complaint (ECF No. 43) to remove the name of Plaintiff Central Valley Nephrology Medical Associates (because the parties have settled that entity's claims) and to add the names of Plaintiffs Michael R. Wiesner DDS APDC, Jeremy T. Sharp Phd LLC, and Mahyar Tahbaz. Because Defendants do not oppose this requested amendment, the Motion will be **GRANTED** to the extent it seeks to remove and add the named plaintiffs.

Plaintiffs also seek to amend the caption of their Amended Complaint to include "James Roe 1-25 and June Roe 1-25," which will serve as placeholders for plaintiffs who have not yet been identified. Defendants oppose adding 50 unidentified plaintiffs to the caption. ECF No. 53. According to Defendants, "[w]ithout identification of the specific provider, there is no way with any degree of certainty to assert that the Plaintiffs and unidentified plaintiffs satisfy the joinder requirements of Rule 20(a)(1)." *Id.* at 2.

The Court agrees with Defendants. Allowing the joinder of 50 unidentified plaintiffs to this case will not promote judicial economy and would not be in the interests of justice. If warranted, Plaintiffs may seek to join additional plaintiffs when they are identified. To the extent that the Motion seeks to add unidentified plaintiffs James Roe 1-25 and June Roe 1-25 it is **DENIED**.

By **October 11, 2024**, Plaintiffs shall file a Second Amended Complaint with a caption that does not contain Plaintiff Central Valley Nephrology Medical Associates and that adds

Plaintiffs Michael R. Wiesner DDS APDC, Jeremy T. Sharp Phd LLC, and Mahyar Tahbaz. The deadline for Defendants to respond to the forthcoming Second Amended Complaint will be **October 18, 2024**. The previous deadline of October 10, 2024, set by paperless order docketed at ECF No. 47 is vacated.

October 8, 2024                                    /s/
Date                                                     Timothy J. Sullivan
                                                                   Chief United States Magistrate Judge